IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Sandra S. Mitchell,<br><br>    Plaintiff,<br>v.<br><br><br>Brumbaugh & Quandahl, P.C. LLO and<br>West Asset Management, Inc.,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

# COMPLAINT

1. Plaintiff, Sandra S. Mitchell ("Plaintiff"), brings this action to secure redress for unlawful debt collection practices engaged in by Defendants in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA").

2. Defendants obtained a Default Judgment against Plaintiff on March 26, 2009 in the County Court of Douglas County Nebraska and have been attempting to garnish and seize property of the Plaintiff since that time.

3. In December 2012, Plaintiff received information which led her to believe that Defendants were attempting to levy her property and/or her wages to collect over $4,000.00 from her on the judgment. Plaintiff talked to representatives of Defendant Brumbaugh & Quandahl, P.C. LLO (hereinafter "Brumbaugh & Quandahl") and was led to believe they would not garnish her wages and that they would collect less than $400.00 to satisfy the judgment.

4. Defendants continued to use the judicial process to garnish Plaintiff's wages, alleging that she owed over $1,700.00.

5. Both Defendant Brumbaugh & Quandahl and Plaintiff appeared in the County Court of Douglas County Nebraska in February 2013 and agreed that the amount owed by Plaintiff was less than $480.00, entering into an agreement that was reflected by order of the Court. Defendant Brumbaugh & Quandahl continued to attempt to collect amounts substantially greater than that agreed to by the parties and ordered by the County Court of Douglas County Nebraska. The actions of Defendants in attempting to collect substantially more than agreed to between the parties and authorized by court order were in violation of the FDCPA.

## JURISDICTION

6. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

## VENUE

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendants transact business here.

## PARTIES

8. Plaintiff, Sandra S. Mitchell is a natural person residing in Douglas County, Nebraska. Plaintiff is a "consumer" within the meaning of 15 U.S.C. §1692a(3).

9. Defendant Brumbaugh & Quandahl is a business entity formed under the laws of the state of Nebraska and is a law firm and "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant West Asset Management, Inc., (hereinafter "West") is a collection agency operating from an address of 7171 Mercy Rd, Omaha, Nebraska, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11.     The acts of the Defendants alleged in this Complaint were performed by their employees and/or agents, acting within the scope of actual or apparent authority.

12.     Defendants are all entities who contributed to or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

13.     At all times relevant hereto, each of the Defendants were, and are now, the agent, servant, employee and/or other representative of the other Defendants and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to Defendants, without further qualification, is meant by Plaintiff to refer to each Defendant named above.

## FACTUAL ALLEGATIONS

14.     Plaintiff incurred a financial obligation to a medical provider that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15.     Due to circumstances beyond her control, Plaintiff fell behind in her obligation on this account and it went into default status with the original creditor.

16.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to a debt collector for collection.

17. Defendant Brumbaugh & Quandahl filed suit against Plaintiff in the County Court of Douglas County, Nebraska, on or about August 27, 2008 (hereinafter "the lawsuit"), alleging that "Worldwide Asset Purchasing II, LLC" had been assigned the debt and was the named plaintiff in the Complaint. The Complaint alleged that Sandra S. Mitchell owed $4,208.66.

18. On or about November 26, 2008, Defendant Brumbaugh & Quandahl filed an amended complaint against Plaintiff. The Amended Complaint was the same in all aspects as the original Complaint, except that the named plaintiff in the suit was changed to Defendant West. A copy of the Amended Complaint and Summons was never served on Plaintiff.

## JUDGMENT ENTERED AND CONFLICTING AMOUNTS SOUGHT TO BE COLLECTED

19. On or about March 26, 2009 the county court entered an order of default judgment against Plaintiff, finding that Plaintiff owed $4,208.66 plus costs and post judgment interest.

20. Defendant Brumbaugh & Quandahl took no steps to collect on the aforementioned judgment until filing an "Affidavit and Praecipe for Summons in Garnishment After Judgment" on or about March 23, 2012. The aforementioned Praecipe stated that Plaintiff owed $4,518.32 on the judgment and that the garnishee had property of the Plaintiff which Defendants sought to garnish.

21. On or about August 9, 2012, Defendant Brumbaugh & Quandahl caused to be filed an "Affidavit and Praecipe for Summons in Garnishment After Judgment". The

aforementioned Praecipe stated that Plaintiff owed $1,678.12 on the judgment and that the garnishee had property of the Plaintiff which Defendants sought to garnish.

## PLAINTIFF DISPUTES AMOUNT OWED TO DEFENDANT

22. On or about December 3, 2012, Plaintiff received information that indicated that she owed over $4,000.00 to Defendant West regarding the lawsuit.

23. Plaintiff called and spoke with a representative of Defendant Brumbaugh & Quandahl on the telephone and asked for information regarding the original creditor underlying the lawsuit. Plaintiff was informed that it was Alegent Health (hereinafter "Alegent"), a health care provider located in Omaha, Nebraska.

24. Plaintiff went to the offices of Alegent and obtained records showing that Plaintiff owed Alegent a total of $338.00.

25. Plaintiff went to the offices of Defendant Brumbaugh & Quandahl and showed an employee of Defendant Brumbaugh & Quandahl the aforementioned records and gave them copies. Plaintiff asked that they stop garnishing her wages and that they update the court records to indicate that she owed $338.00. The employee of Defendant Brumbaugh & Quandahl told Plaintiff that they could not remove or change the court records regarding how much Plaintiff owed until talking to their client, but because Plaintiff had provided proof of how much was owed, Defendant Brumbaugh & Quandahl would not take further action against Plaintiff.

26. Plaintiff gave Defendant Brumbaugh & Quandahl's employee her current residential address and phone number so that they could contact her to arrange payment and/or to follow up on paying the remaining amount due on the lawsuit.

## DEFENDANTS' FIRST ATTEMPT TO COLLECT MORE THAN WAS DUE FROM PLAINTIFF

27. On or about January 30, 2013, Defendants caused to be filed an "Affidavit and Praecipe for Summons in Garnishment After Judgment". The aforementioned Praecipe stated that Plaintiff owed $1,760.83 on the judgment and that the garnishee, which was Plaintiff's employer, had property of the Plaintiff which Defendants sought to garnish.

28. Defendants' attempt to collect an amount which was over 8 (eight) times more than the amount owed to Defendant's client was a false, deceptive, misleading and unfair act done in violation of the FDCPA, specifically a violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1).

## DEFENDANT'S SECOND ATTEMPT TO COLLECT MORE THAN WAS DUE FROM PLAINTIFF

29. Defendants failed to notify the Douglas County Court of Plaintiff's correct address and therefore the notice of Defendants' attempt to garnish her wages was not mailed to her home.

30. On or about February 9, 2013, Plaintiff received notice of Defendants' attempt to garnish her wages in the amount of $1,760.83.

31. Plaintiff went to Defendant Brumbaugh & Quandahl's offices again and asked to speak to someone regarding the lawsuit.

32. Plaintiff told Defendant Brumbaugh & Quandahl's employee that she had been in earlier, in December 2012 and thought that Defendants were not going to garnish her wages and that she owed approximately $340.00. Defendant Brumbaugh & Quandahl's representative told Plaintiff that she would need to talk to her supervisor.

33. The supervisor, another employee or representative of Defendant Brumbaugh & Quandahl (hereinafter "the supervisor") spoke to Plaintiff and told Plaintiff that Defendants would continue attempt to collect $1,760.83 because Defendant West had not authorized them to change the amount.

34. Plaintiff told the supervisor that she had given Defendant proof that she only owed approximately $340.00. The supervisor said he would have to check with Defendant West to update the records. The supervisor left and came back and said that Defendant West had changed the amount owed to $783.79.

35. Plaintiff told the supervisor that was wrong, that she only owed approximately $340.00. The supervisor told Plaintiff that the higher amount included court costs and interest, which therefore raised the total amount owed to $783.79.

36. The supervisor told Plaintiff that Defendant Brumbaugh & Quandahl, despite its agreement not to garnish Plaintiff made in December 2012, would continue to garnish her wages. The supervisor told Plaintiff that he would send a letter to Plaintiff's employer stating, "Our records show a balance of $783.79 remaining on the above stated garnishment. Please withhold only this amount from the next payroll." Defendant Brumbaugh & Quandahl mailed a letter containing this statement to Plaintiff's employer on or about February 11, 2013.

37. While Plaintiff did owe Defendant West $338.00, Plaintiff did not owe court costs or interest that would bring the total amount owed to $783.79.

38. Defendants' attempts to collect an amount which was over 2 (two) times more than the amount owed to Defendant West was a false, deceptive, misleading and unfair

act done in violation of the FDCPA, specifically a violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1).

## DEFENDANTS' THIRD ATTEMPT TO COLLECT MORE THAN WAS DUE FROM PLAINTIFF

39. Plaintiff filed a motion in the lawsuit disputing the amount she owed on or about February 12, 2013. A hearing on Plaintiff's motion was scheduled for February 20, 2013.

40. At the hearing Plaintiff spoke to Karl Von Oldenburg, an attorney employed by Defendant Brumbaugh & Quandahl who represented Defendant West in the lawsuit.

41. Plaintiff and Mr. Von Oldenburg agreed that Plaintiff owed $338.00 and court costs in the underlying lawsuit. Both parties agreed that court costs amounted to $89.21. The court entered an order holding that the principal balance owed by Plaintiff was $338.00 and with associated court costs the total amount owed as of February 20, 2013 was $477.21.

42. On or about March 4, 2013, an employee or agent of Defendant Brumbaugh & Quandahl who identified herself as "Kristie" telephoned Plaintiff and attempted to collect $783.79 from her. Plaintiff told the caller that Mr. Von Oldenburg had agreed at the February 20, 2013 hearing that Plaintiff owed a total amount of $477.21. Kristie told Plaintiff that with interest and court costs the amount Plaintiff owed was $783.79. Plaintiff told Kristie to read the notes on her account and that it should reflect that the total amount owed was $477.21. Kristie again told Plaintiff that $477.21 was the debt owed and that interest and costs brought the amount up to $783.79. Plaintiff asked to speak to Defendant

Brumbaugh & Quandahl's employee and attorney Mr. Von Oldenburg. At this point Kristie agreed with Plaintiff that the total amount owed was $477.21.

43. Defendants' attempts to collect an amount more than the amount owed to Defendant West was a false, deceptive, misleading and unfair act done in violation of the FDCPA, specifically a violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1).

44. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of anxiety, emotional distress, fear, and upset, amongst other negative emotions. The actions of Defendants have also necessitated Plaintiff to drive to Defendant Brumbaugh & Quandahl's office, to court and to her attorney's office, requiring her to pay for gasoline as well as copying costs of court documents.

## CLAIMS

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of the Defendants and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

47. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

- an award of actual damages for the Plaintiff pursuant to 15 U.S.C. §1692k(a)(1);

- an award of statutory damages of $1,000.00 for the Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A);

- an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) for Plaintiff; and

- such other and further relief as the Court may find to be just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all claims so triable.

Dated:  April 17, 2013

Respectfully submitted,

    Sandra S. Mitchell, Plaintiff.

    By: /s/ Burke Smith
    Burke Smith, #19883
    Burke Smith Law
    10730 Pacific Street, Ste. 213
    Omaha, NE 68114
    Tel. (402) 718-8865
    Fax (402) 218-4391
    E-mail: burke@burkesmithlaw.com

    ATTORNEY   FOR PLAINTIFF

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEBRASKA )
                                     ) ss
COUNTY OF DOUGLAS )

Plaintiff Sandra S. Mitchell, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    04   ,    09       2013   
                      Month         Day        Year

*Sandra S Mitchell*
Sandra S. Mitchell